ORIGINAL FILED
04 MAR 11 PM 1:02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-Filing

RICHARD DeNATALE (Bar No. 121416)
CELIA M. JACKSON (Bar No. 124508)
JO ANN HOENNINGER (Bar No. 205222)
Heller Ehrman White & McAuliffe LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Plaintiffs
LENSCRAFTERS, INC., EYEXAM OF CALIFORNIA, INC., and EYEMED VISION CARE, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| LENSCRAFTERS, INC.; EYEXAM OF CALIFORNIA, INC.; and EYEMED VISION CARE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Defendant. | C  Case No:  04 1001<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lenscrafters, Inc., EYEXAM of California, Inc., and EyeMed Vision Care, LLC (collectively, the "Policyholders") allege as follows:

**INTRODUCTION**

1. This action arises out of defendant Liberty Mutual Fire Insurance Company's decision to defend its Policyholders under reservation of rights with respect to a putative class action lawsuit captioned *Melvin Gene Snow, et al. v. Lenscrafters, Inc., et al.*, San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* Action"). Defendant has a duty to defend the Policyholders in the *Snow* Action, and is contractually obligated to

provide coverage to the Policyholders for the costs of defense and indemnity for the *Snow* action under certain Commercial General Liability policies issued to the Policyholders.

2. The *Snow* Action alleges various wrongful acts in purported violation of, among other things, the Consumer Legal Remedies Act (Civil Code Section 1750 *et seq.*) and the California Confidentiality of Medical Information Act (Civil Code Section 56 *et seq.*). The Policyholders have incurred substantial costs in defense of the *Snow* Action and have made demand from Defendant for payment of such costs. Defendant has agreed to defend under reservation of rights, but has not yet reimbursed its Policyholders for defense costs already incurred. Therefore, the Policyholders seek a declaration of the rights, duties and responsibilities of the parties under Defendant's policies.

## THE PARTIES

3. Plaintiff Lenscrafters, Inc. is an Ohio corporation with its principal place of business in Ohio.

4. Plaintiff EYEXAM of California, Inc., fka EyeMed, Inc., is a California corporation with its principal place of business in California.

5. Plaintiff EyeMed Vision Care LLC is a limited liability company of Delaware with its principal place of business in Ohio.

6. Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") is a Massachusetts corporation with its principal place of business in Massachusetts.

## JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 2201. There is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

8. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, because the alleged events and/or omissions giving rise to this Complaint are alleged to have occurred in this District.

## FACTUAL ALLEGATIONS

**The Liberty Mutual Policies**

9. Liberty Mutual issued to the Policyholders the following Commercial General Liability policies (collectively, the "Policies") :

- Policy No. TB2-681-004130-038, effective February 1, 1998 to February 1, 1999;
- Policy No. RG2-681-004130-039, effective February 1, 1999 to February 1, 2000;
- Policy No. RG2-681-004130-030, effective February 1, 2000 to February 1, 2001;
- Policy No. RG2-681-004130-031, effective February 1, 2001 to February 1, 2002;
- Policy No. RG2-681-004130-032, effective February 1, 2002 to February 1, 2003; and
- Policy No. RG2-681-004130-033, effective February 1, 2003 to February 1, 2004.

Lenscrafters, Inc., EyeMed, Inc., and EyeMed Vision Care, LLC are each a named insured under the Policies. The material terms of the policies relevant to this litigation are alleged in this paragraph and in paragraphs 10, 11 and 12. The Policies are not being attached here because of their bulk and because it would be wasteful and burdensome for the Court and the parties.

10. The Policies provide coverage, *inter alia*, for damages arising out of "personal injury." The term "personal injury" is defined to include " injury. . . arising out of . . . [the] [o]ral or written publication of material that violates a person's right of privacy." Each of the Policies has limits of liability for Personal Injury of $3 million for each occurrence and $6 million in the aggregate.

11. The Policies also provide coverage for damages arising out of "advertising injury." The term "advertising injury" is defined to include, among other things,

"publication of material that violates a person's right of privacy." Each of the Policies has limits of liability for Advertising Injury of $3 million for each occurrence and $6 million in the aggregate.

12. Under the Policies, Liberty Mutual has the "duty to defend the insured against any 'suit' seeking [personal or advertising injury] damages."

13. The Policyholders have complied with all terms and conditions precedent of the Policies, and are entitled to the benefit of insurance provided by them.

**The *Snow* Action**

14. The *Snow* Action was originally filed against Lenscrafters, Inc. and other entities on March 12, 2002 on behalf of a putative class. A First Amended Complaint ("FAC") was filed on or about May 22, 2002. A Second Amended Complaint ("SAC") was filed on or about April 15, 2003 against Lenscrafters, Inc., EyeMed, Inc., EyeMed Vision Care, Inc. and other entities. A true and correct copy of the SAC is attached hereto as Exhibit A and is incorporated herein by this reference for informational purposes only and without admitting the truth of its allegations.

15. Among other things, the SAC alleges that the Policyholders disclosed private medical information of the putative plaintiff class, in violation of the California Confidential Medical Information Act, thus violating the privacy rights of the putative plaintiff class. *See* SAC, ¶¶ 109-117. The original complaint and the FAC contained similar allegations. The purported disclosures of private medical information is alleged to have occurred during the period in which the Policies were or are in effect. The claims asserted against the Policyholders in the *Snow* Action fall within the scope of the coverage provided by the Policies, thereby triggering the duty of Liberty Mutual to defend and indemnify the Policyholders.

**The Controversy With Liberty Mutual**

16. On or about March 21, 2002, the Policyholders timely tendered the defense of the *Snow* Action to Liberty Mutual. The Policyholders demanded that Liberty Mutual defend them in the *Snow* Action and indemnify them in full for all legal liabilities that they

may incur in connection with that litigation.

17. By letter dated May 29, 2002, Liberty Mutual denied coverage, claiming, without properly considering the relevant allegations in the *Snow* Action complaint or applicable language in the Policies, that the acts alleged in the *Snow* Action complaint are outside the terms of the Policies. In a letter dated June 28, 2002, the Policyholders requested that Liberty Mutual reconsider its position. Nonetheless, by letter dated July 29, 2002, Liberty Mutual reaffirmed its denial of coverage.

18. On February 17, 2004, Liberty Mutual changed its position and agreed to defend its Policyholders under full reservation of rights. Liberty Mutual has not, however, reimbursed its Policyholders for defense costs it has already expended, nor have the terms of a defense funding agreement been reached. Moreover, Liberty Mutual alleges that it has the right to withdraw from the defense and seek reimbursement of defense costs it has paid to its Policyholders for the *Snow* Action.

19. The Policyholders have incurred substantial costs to defend the *Snow* action. A present controversy exists with respect to Liberty Mutual's duty to defend the Policyholders in the *Snow* action and with respect to the parties' respective rights and obligations under the Liberty Mutual Policies, including the obligation of Liberty Mutual to pay for defense costs and any indemnity costs incurred by the Policyholders in connection with the *Snow* Action.

**FIRST CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT RE LIBERTY MUTUAL'S DUTY TO DEFEND**

20. Plaintiffs repeat and incorporate the allegations of paragraphs 1 through 19.

21. Liberty Mutual has a duty under the Policies to defend the Policyholders with respect to the *Snow* Action, including the obligation to pay the costs of the Policyholders' defense incurred or to be incurred in the future in connection with the *Snow* Action.

22. Liberty Mutual has refused to accept its duty to defend the Policyholders with respect to the *Snow* Action except under reservation of rights.

23. By reason of the foregoing, an actual and justiciable controversy presently

exists between the Policyholders and Liberty Mutual concerning Liberty Mutual's duty to defend the Policyholders with respect to the *Snow* Action. Accordingly, the Policyholders seek a declaration that Liberty Mutual has a duty to defend the Policyholders with respect to the *Snow* Action.

**SECOND CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT RE LIBERTY MUTUAL'S DUTY TO INDEMNIFY**

24. Plaintiffs repeat and incorporate the allegations of paragraphs 1 through 19.

25. Liberty Mutual has a duty under the Policies to indemnify the Policyholders in full for all legal liabilities they may incur in connection with the *Snow* Action.

26. Liberty Mutual has repudiated, failed to honor, and refused to accept its duty to indemnify the Policyholders in full for all legal liabilities they may incur in the future in connection with the *Snow* Action.

27. By reason of the foregoing, an actual and justiciable controversy presently exists between the Policyholders and Liberty Mutual concerning Liberty Mutual's duty to indemnify the Policyholders in full for all legal liabilities they may incur in connection with the *Snow* Action. Accordingly, the Policyholders seek a declaration that Liberty Mutual has an obligation under the Policies to indemnify the Policyholders for all legal liabilities they may incur in the future in connection with the *Snow* Action.

**THIRD CLAIM FOR RELIEF:**
**BREACH OF CONTRACT RE LIBERTY MUTUAL'S DUTY TO DEFEND**

28. Plaintiffs repeat and incorporate the allegations of paragraphs 1 through 19.

29. Liberty Mutual's duty to defend arose when the claims asserted in the *Snow* Action were tendered to Liberty Mutual. Liberty Mutual has breached its obligations to the Policyholders under the Policies by failing to pay any costs of the Policyholders' defense incurred in connection with the *Snow* Action.

30. As a direct and proximate result of Liberty Mutual's breach of contract, which is continuing to at least the date of this complaint, Liberty Mutual has deprived the Policyholders of the benefit of the Policies for which substantial amounts in premiums were paid. As a direct and proximate result of Liberty Mutual's acts, the Policyholders have been

damaged in an amount to be proved at trial, but that is in excess of the jurisdictional requirements of this Court.

WHEREFORE, the Policyholders request this Court to enter a judgment as follows with respect to the Policies:

1. With respect to the First Claim for Relief, a declaration that Liberty Mutual has a duty under the terms and conditions of the Policies to defend the Policyholders with respect to the *Snow* Action , including the obligation to pay defense costs incurred or to be incurred in the future by the Policyholders in connection with the *Snow* Action;

2. With respect to the Second Claim for Relief, a declaration that Liberty Mutual has a duty under the terms and conditions of the Policies to indemnify the Policyholders in full for all legal liabilities that may be incurred in connection with the *Snow* Action, subject only to the limits of liability set forth in the Policies;

3. With respect to the Third Claim for Relief, damages according to proof at the time of trial, plus interest;

4. With respect to all Claims for Relief:

a. plaintiffs' costs of suit incurred herein; and

b. for such other, further, and/or different relief as the Court may deem just and proper.

DATED: March 11, 2004

HELLER EHRMAN WHITE & McAULIFFE LLP

By [signature]
Richard DeNatale

Attorneys for Plaintiffs
LENSCRAFTERS, INC., EYEXAM OF CALIFORNIA, INC., and EYEMED VISION CARE, LLC

**DEMAND FOR JURY TRIAL**

Plaintiffs Lenscrafters, Inc., EYEXAM of California, Inc., and EyeMed Vision Care, LLC hereby demand trial by jury.

DATED: March 11, 2004

HELLER EHRMAN WHITE & McAULIFFE LLP

By [signature]
Richard DeNatale

Attorneys for Plaintiff
LENSCRAFTERS, INC., EYEXAM OF CALIFORNIA, INC., and EYEMED VISION CARE, LLC

**EXHIBIT A**

**MANUAL FILING NOTIFICATION**

Regarding: Lenscrafters, Inc. v. Liberty Mutual (Case No. 04-1001 (EDL))

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.

If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

_X_ Voluminous Document (PDF file size larger than the efiling system allows)

___ Unable to Scan Documents

___ Physical Object (description): ________________________________

___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

___ Item Under Seal

___ Conformance with the Judicial Conference Privacy Policy (General Order 53).

___ Other (description): ________________________________