United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENSCRAFTERS, INC., et al., | No. C 04-1001 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket Nos. 74, 81, 83] |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., | |
| Defendants. | |

    This matter comes before the Court on Defendant and Cross-Claimant Executive Risk Specialty Insurance Company's ("ERSIC") motion for summary judgment against Defendant and Cross-Claimant Liberty Mutual Fire Insurance Company ("Liberty") [Docket No. 74]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court has serious concerns that ERSIC's motion for summary judgment is either premature or, alternatively, that ERSIC is asking the Court to adjudicate this matter in piecemeal fashion.

    Specifically, in the instant motion, ERSIC seeks a ruling from this Court declaring that either (1) the 2001-2002 ERSIC policy is excess to Liberty's six general liability policies; or (2) ERSIC is a co-primary insurer. At the same time, however, ERSIC indicates that it intends to reform the 2001-2002 ERSIC policy, but does not provide the Court with any argument or evidence in support of this purported defense. Since it is a fundamental concept that insurance policies, like any other contract, are to be interpreted in such a way that they effectuate the mutual intent of the parties, *see Union Oil Co. v. International Ins. Co.*, 37 Cal. App. 4th

1  930, 935 (1995), the evidence supporting ERSIC's reformation defense is directly relevant to the instant motion
2  for summary judgment. Therefore, in the interest of judicial economy, this Court will not entertain ERSIC's
3  motion until such time that ERSIC has clearly asserted all of the claims or defenses that it believes, in good faith,
4  entitle it to a judgment as a matter of law.

5  Additionally, the Court is cognizant of the fact that ERSIC appears to have filed the instant motion
6  without engaging in a meaningful meet-and-confer with the opposing parties in this matter. *See* Declaration of
7  Hee Young Lee I.S.O. Opposition to Motion for Summary Judgment ("Lee Decl.") at Exs. 1-4. Under this
8  Court's standing orders, parties are expected to meet and confer prior to filing *any* motion. ERSIC's failure
9  to meaningfully confer with Liberty with regard to the filing of this motion has significantly contributed to the
10 Court's concerns regarding the prematurity of the motion.[1]

11 Accordingly,

12 IT IS HEREBY ORDERED THAT ERSIC's motion for summary judgment [Docket No. 74] is
13 DENIED WITHOUT PREJUDICE. To the extent that ERSIC seeks to re-file its motion for summary
14 judgment, it may do so only ***after* the close of discovery on July 1, 2005 but prior to the motion cut-off
15 deadline of September 13, 2005.** ERSIC's renewed motion for summary judgment must assert all of the
16 theories it believes, in good faith, support its claim that it is entitled to judgment as a matter of law on the excess
17 insurance issue, including its reformation defense if it still seeks to rely on that theory.

18 IT IF FURTHER ORDERED THAT Liberty's request for a continuance is DENIED AS MOOT.
19 Liberty's objection to ERSIC's reply brief [Docket No. 83] is also DENIED AS MOOT.

20 IT IS FURTHER ORDERED THAT Plaintiff's request for a continuance of the instant motion and
21 request for leave to file briefing [Docket No. 81] are DENIED AS MOOT. However, if ERSIC re-files its
22 //

---

[1] The Court also notes that, in its opposition brief, Liberty has requested a continuance of the instant motion pursuant to Federal Rule of Civil Procedure 56(f) so that Liberty may conduct certain discovery relating to its opposition of ERSIC's motion. Liberty has also filed an objection to ERSIC's reply brief asking the Court to strike portions of the reply brief [*see* Docket No. 83]. Additionally, Plaintiffs have filed a separate statement asking the Court to continue the instant motion for summary judgment [*see* Docket No. 81]. In light of the Court's decision to deny the instant motion without prejudice, Liberty's and Plaintiffs' requests and objections are DENIED AS MOOT.

motion for summary judgment, Plaintiffs are hereby granted leave to file an opposition to the motion, if appropriate.

IT IS FURTHER ORDERED THAT the parties are directed to participate in a <u>meaningful meet-and-confer</u> prior to the filing of any further motions before this Court.

IT IS SO ORDERED.

Dated: 6-6-05

<u>/s/ Saundra Brown Armstrong</u>
SAUNDRA BROWN ARMSTRONG
United States District Judge

3